**Gordon Rees Scully Mansukhani, LLP**
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN STANTON, M.D.; RYAN STANTON, M.D., INC.; MODERN INSTITUTE OF SURGERY, INC.; MICHAEL CHURUKIAN, M.D.; CAMDEN SURGERY CENTER; SHAHROKA DAYYANI, O.D.,<br><br>Plaintiffs,<br><br>vs.<br><br>AETNA LIFE & CASUALTY (BERMUDA) LTD., and DOES 1 through 20, inclusive,<br><br>Defendants. | CASE NO. 2:18-cv-08937-CJC (SSx)<br>*Judge: Hon. Cormac J. Carney*<br>*Related to: 2:18-cv-08345-CJC (SSx)*<br><br>*Discovery Document: Referred to Magistrate Judge Suzanne H. Segal*<br><br>**QUALIFIED PROTECTIVE ORDER** |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Health Insurance Portability and Accountability Act of 1996, and for good cause, the Court issues this Qualified Protective Order (the "Order"). Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation.

## GOOD CAUSE STATEMENT

The parties acknowledge that information produced in discovery, regardless of its designation under this Order, may contain personal and health information (*see, e.g.,* Section 2 *infra*) subject to the protections of, *inter alia*, the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), the applicable requirements of the Standards for Privacy of Individually Identifiable Health Information and its implementing regulations issued by the U.S. Department of Health and Human Services (45 C.F.R. Parts 160-64; HIPAA Privacy Regulations), and California Civil Code §§ 56 *et seq.*, and 1798.82 *et seq.* (collectively, "Privacy Laws"), which protect the confidentiality of individually identifiable personal and health information. Discovery may also involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted (*see, e.g.*, Section 4 *infra*).

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled or required to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so

designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**IT IS THEREFORE ORDERED THAT:**

**1. Scope of Protection**

This Order shall govern any record of information produced in this action and designated pursuant to this Order, including all designated deposition testimony, all designated testimony taken at a hearing or other proceeding, all designated deposition exhibits, interrogatory answers, admissions, documents and other discovery materials, whether produced informally or in response to interrogatories, requests for admissions, requests for production of documents or other formal methods of discovery.

This Order shall also govern any designated record of information produced in this action pursuant to required disclosures under any federal procedural rule or local rule of the Court and any supplementary disclosures thereto.

This Order shall apply to the parties and to any nonparty from whom discovery may be sought who desires the protection of this Order.

**2. Definitions**

The term Confidential Information shall mean confidential or proprietary technical, scientific, financial, business, health, or medical information designated as "CONFIDENTIAL" by the producing party.

The term Confidential Health Information shall constitute a subset of Confidential Information, and shall be designated as "CONFIDENTIAL" and subject to all other terms and conditions governing the treatment of Confidential Information. Confidential Health Information shall mean information supplied in any form, or any portion thereof, that identifies an individual or subscriber in any manner and relates to the past, present, or future care, services, or supplies relating to the physical or mental health or condition of such individual or subscriber, the

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

provision of health care to such individual or subscriber, or the past, present, or future payment for the provision of health care to such individual or subscriber. Confidential Health Information shall include, but is not limited to, claim data, claim forms, grievances, appeals, or other documents or records that contain any patient health information required to be kept confidential under any state or federal law, including 45 C.F.R. Parts 160 and 164 promulgated pursuant to HIPPA (*see* 45 C.F.R. §§ 164.501 & 160.103), and the following subscriber, patient, or member identifiers:

    a.    names;

    b.    all geographic subdivisions smaller than a State, including street address, city, county, precinct, and zip code;

    c.    all elements of dates (except year) for dates directly related to an individual, including birth date, admission date, discharge date, age, and date of death;

    d.    telephone numbers;

    e.    fax numbers;

    f.    electronic mail addresses;

    g.    social security numbers;

    h.    medical record numbers;

    i.    health plan beneficiary numbers;

    j.    account numbers;

    k.    certificate/license numbers;

    l.    vehicle identifiers and serial numbers, including license plate numbers;

    m.    device identifiers and serial numbers;

    n.    web universal resource locators ("URLs");

    o.    internet protocol ("IP") address numbers;

    p.    biometric identifiers, including finger and voice prints;

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

1     q.     full face photographic images and any comparable images; and/or

2     r.     any other unique identifying number, characteristic, or code.

The term "Highly Confidential Health Information" shall mean highly sensitive health information that is afforded stronger protections under state and/or federal law than protections under HIPAA, including, but not limited to, genomic information, HIV-related information, information generated by a federally protected alcohol or substance abuse treatment program regulated under 42 C.F.R Part 2, mental health treatment information, information relating to abortion or reproductive healthcare services or other personal healthcare information. This information may be designated as "CONFIDENTIAL" by the producing party. Without limiting the foregoing, Highly Confidential Information shall constitute a subset of Confidential Information and therefore shall be subject to all other terms and conditions governing the treatment of Confidential Information, regardless of whether it is labeled "CONFIDENTIAL" by the producing Party, and the Parties are expressly authorized and Ordered to produce such information to the extent it is relevant and discoverable. This order shall not be construed to preclude or waive any parties' written discovery objections to production of such information under the Federal Rules of Civil Procedure.

The term "Technical Advisor" shall refer to any person who is not a party to this action or not presently employed by the receiving party or a company affiliated through common ownership, who has been designated by the receiving party to receive another party's Confidential Information, including Confidential Health Information. Each party's Technical Advisors shall be limited to such person as, in the judgment of that party's counsel, are reasonably necessary for development and presentation of that party's case. These persons include outside experts or consultants retained to provide technical or other expert services such as expert testimony or otherwise assist in trial preparation.

**3. Designation of Information**

Documents and things produced or furnished during the course of this action shall be designated as containing Confidential Information, including Confidential Health Information, by placing on each page, each document (whether in paper or electronic form), or each thing a legend substantially as follows:

CONFIDENTIAL

A party may designate information disclosed at a deposition as Confidential Information by either (i) making a statement to that effect on the record in the course of the deposition or, (ii) by sending a letter to all counsel within the time permitted for the review and signing of the deposition by the witness.

A producing party shall designate its discovery responses, responses to requests for admission, briefs, memoranda and all other papers sent to the court or to opposing counsel as containing Confidential Information when such papers are served or sent.

A party shall designate information disclosed at a hearing or trial as Confidential Information by requesting the court, at the time the information is proffered or adduced, to receive the information only in the presence of those persons designated to receive such information and court personnel, and to designate the transcript appropriately.

The parties will use reasonable care to avoid designating any documents or information as Confidential Information that is not entitled to such designation or which is generally available to the public. Where feasible, the parties shall designate only that part of a document or deposition that is Confidential Information, rather than the entire document or deposition.

**4. Attorneys' Eyes Only**

This case may involve information that is of the most sensitive nature, which would reveal significant technical or business advantages of the producing or designating party or of a non-party, and which includes as a major portion subject

matter which is believed to be unknown to the opposing party or parties, or any of the employees of the corporate parties. This information may be designated as "ATTORNEYS' EYES ONLY" and thus subject to all other terms and conditions governing the treatment of Confidential Information and additional restrictions in paragraph 6.

### 5. Disclosure and Use of Confidential Information

Information that has been designated Confidential shall be disclosed by the receiving party only to Qualified Recipients. All Qualified Recipients shall hold such information received from the disclosing party in confidence, shall use the information only for purposes of this action and for no other action, shall not use it for any business or other commercial purpose, and shall not disclose it to any person, except as hereinafter provided. All information that has been designated Confidential shall be carefully maintained so as to preclude access by persons who are not qualified to receive such information under the terms of this Order.

In the event that any receiving party's briefs, memoranda, discovery requests, requests for admission or other papers of any kind which are served or filed shall include another party's Confidential Information, the papers shall be appropriately designated and shall be treated accordingly.

All documents, including copies or reproductions, excerpts, summaries, attorney notes, abstracts, or other documents or media that contain or incorporate another party's Confidential Information shall be handled as if they were designated pursuant to paragraph 3.

If Confidential Information is included in any documents, papers or transcripts filed with the Court, the filing party must comply with the procedures for filing documents under seal set forth in Local Rules 79-5, 79-6, and 79-7.

If any party or nonparty bound by this Order intends to disclose, discuss, or otherwise refer to any Confidential Information in open court at any hearing or trial, that person must notify the Court and all other parties to this action of its

intention to do so, and must not disclose, discuss, or otherwise refer to the Confidential Information until permitted by the Court.

**6.  Disclosure and Use of Attorneys' Eyes Only Information**

    a.  Notwithstanding paragraph 5, all Confidential Information designated as ATTORNEYS' EYES ONLY produced or disclosed by the Parties shall be subject to the following additional restrictions: Confidential Information designated as ATTORNEYS' EYES ONLY shall be disclosed only to the "Qualified Recipients" listed in subparagraphs 7(a), (d), (e), (h), and (i) below, unless otherwise agreed or ordered.

    b.  For the purposes of subparagraph 7(a), ATTORNEYS' EYES ONLY Material may not be shown to any member or employee of any law firm or other entity or individual who has been, is currently, or will be in the foreseeable future involved in the negotiation of contracts on behalf of any of the Parties to this Agreement, unless the person authored the document or is identified on the face of the document as a previous recipient.

    c.  Additionally, ATTORNEYS' EYES ONLY Material may be shown to persons under subparagraph 6(c) if the witness is an employee of the party who produced the information designated as "Highly Confidential – Attorneys' Eyes Only", if the witness is identified on the face of the document as a previous recipient, or if the party who produced the information as "Highly Confidential – Attorneys' Eyes Only" consents before such designated information is disclosed to the witness.

**7.  Qualified Recipients**

For purposes of this Order, the term Qualified Recipient means

    a.  Outside counsel of record for any party in this action, as well as employees of such counsel (excluding experts and investigators)

assigned to and necessary to assist such counsel in the preparation and trial of this action;

b. Representatives, officers, or employees of a party as necessary to assist outside counsel in the preparation and trial of this action;

c. Witnesses who testify by deposition or at trial who, if not a representative, officer, or employee of a party, shall be advised about the terms of this Order and that such Order is applicable to them in connection with their testimony and do not retain copies of Confidential Information;

d. Persons who were authors or recipients of the Confidential Information or previously had legal access to Confidential Information;

e. Technical Advisors, expert witnesses, or consultants engaged by a party to assist with the preparation and trial of this action provided such expert or consultant agrees in writing, in the form attached at Appendix A, to be bound by the terms of this Order;

f. Any designated arbitrator or mediator who is assigned to hear this matter, or who has been selected by the parties, and his or her staff, provided that such individuals agree in writing, in the form attached at Appendix A, to be bound by the terms of this Order;

g. Stenographers and videographers engaged to transcribe or record depositions conducted in this action provided that such individuals agree in writing, in the form attached at Appendix A, to be bound by the terms of this Order; and

h. The Court and its support personnel; and

i. The jury, if any, in the trial of this case.

**8. Nonparties**

Any nonparty who produces documents or other information in response to

-9-
[PROPOSED] QUALIFIED PROTECTIVE ORDER

discovery requests or subpoenas in this litigation shall be entitled to the benefits and protections of this Order and shall be entitled to seek additional protections as permitted by law.

The parties agree that they will treat Confidential Information produced by nonparties according to the terms of this Order.

Nonparties may challenge the confidentiality of Confidential Information by filing a motion to intervene and a motion to de-designate.

### 9. Inadvertent Failure to Designate

The inadvertent, unintentional, or *in camera* disclosure of Confidential Information shall not be deemed a waiver in whole or in part of any party's claims of confidentiality. In the event that a producing party inadvertently fails to designate any of its information pursuant to paragraph 3, it may later designate by notifying the receiving parties in writing. The receiving parties shall take reasonable steps to see that the information is thereafter treated in accordance with the designation.

It shall be understood however, that no person or party shall incur any liability hereunder with respect to disclosure that occurred prior to receipt of written notice of a belated designation.

### 10. Inadvertent Disclosure

In the event of an inadvertent disclosure of another party's Confidential Information to a non-Qualified Recipient, the party making the inadvertent disclosure shall promptly upon learning of the disclosure: (i) notify the person to whom the disclosure was made that it contains Confidential Information subject to this Order; (ii) make all reasonable efforts to preclude dissemination or use of the Confidential Information by the person to whom disclosure was inadvertently made including, but not limited to, obtaining all copies of such materials from the non-Qualified Recipient; and (iii) notify the producing party of the identity of the person to whom the disclosure was made, the circumstances surrounding the

disclosure, and the steps taken to ensure against the dissemination or use of the information.

Where a party has inadvertently produced a document which that party later claims should not have been produced because of privilege, that party may at any time require the return of any such document. A request for the return of any such document shall identify the document by Bates number and the basis for asserting that the specific document (or portions thereof) is subject to the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity from discovery, the basis for asserting that the production was inadvertent, and the date of discovery that there had been an inadvertent production. The inadvertent production of any document which a party later claims should not have been produced because of a privilege will not be deemed to be a waiver of any privilege to which that party would have been entitled had the privileged document not inadvertently been produced. If a party requests the return, pursuant to this paragraph, of any such document from another party, the party to whom the request is made shall within thirty (30) days return to the producing party all copies of the document within its possession, custody, or control, including all copies in the possession of experts, consultants, or others to whom the document was provided. In the event that only portions of the document contain privileged subject matter, the producing party shall substitute a redacted version of the document at the time of making the request for the return of the privileged document.

**11. Challenge to Designation**

Any challenge to the designation or disclosure of Confidential Information must occur by the discovery motion cutoff set forth in the Court's Scheduling Order.

At any time after the delivery of Confidential Information, counsel for the party receiving the Confidential Information may challenge the designation of all or any portion thereof by providing written notice thereof (the "Designation

Objections") to counsel for the party disclosing or producing the Confidential Information (the "Designating Party"). The Designation Objections must specify the particular documents, testimony or information to which each challenge pertains, and the specific reasons and support for such challenge.

If the parties do not reach a resolution within two (2) weeks from receipt of the Designation Objections (through, for example, the use of alternate documents, testimony, or information, redaction of the items, or de-designation of the items), the Designating Party shall have thirty (30) days from the end of that period to seek Court intervention by initiating the Joint Stipulation procedure set forth in Local Rule 37. If the Designating Party fails to timely initiate the Joint Stipulation procedure, then such documents, testimony or information shall be de-designated in accordance with the Designation Objections applicable to such material.

The Designating Party shall be deemed the "moving party" for purposes of compliance with Local Rule 37. The Designating Party shall have the burden on any such motion of establishing the applicability of its confidentiality designation. If the parties wish to file the Joint Stipulation required by Local Rule 37 under seal, the parties may file a stipulation to that effect, or the Designating Party may file an ex parte application making the appropriate request. The parties must set forth good cause in the stipulation or ex parte application as to why the Joint Stipulation or portions thereof should be filed under seal. In the event that any Designation Objection is not addressed by the Designating Party in the Joint Stipulation, then such documents, testimony or information shall be de-designated in accordance with the Designation Objection applicable to such material.

Confidential Information is entitled to confidential treatment pursuant to the terms of this Order until and unless the parties formally agree in writing to the contrary, a party fails to timely invoke the Joint Stipulation procedure, or a contrary determination is made by the Court as to whether all or a portion of designated Confidential Information is entitled to confidential treatment.

**12. Duration**

Once a case proceeds to trial, all of the information that was previously designated as Confidential Information and/or kept and maintained pursuant to the terms of this protective order becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the District Judge in advance of the trial. See, e.g., Hagestad v. Tragesser, 49 F.3d 1430, 1434 (9th Cir. 1995); San Jose Mercury News, Inc. v. U.S. District Court – Northern District, 187 F.3d 1096, 1102 (9th Cir. 1999); Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1180-81 (9th Cir. 2006) (distinguishing "good cause" showing for sealing documents produced in discovery and attached to non-dispositive motions from "compelling reasons" standard when merits-related documents are part of the judicial record). Accordingly, the terms of this protective order do not extend beyond the commencement of trial.

**13. Conclusion of Action**

Within sixty (60) days of final termination of this action, including through all appeals, or sooner if so ordered by the Court, each party or other person subject to the terms hereof shall be under an obligation to destroy or return to the producing party all materials and documents containing Confidential Information and to certify to the producing party such destruction or return, except that counsel for each party may maintain in its files, in continuing compliance with the terms of this Order, all attorney work product, all attorney-client communications, one copy of each set of discovery requests and corresponding responses, one copy of each pleading filed with the Court, and one copy of each deposition transcript together with the exhibits marked at the deposition.

Return or destruction of designated materials shall not relieve the parties or persons subject to the terms of this Order from any of the continuing obligations imposed upon them by this Order.

### 14. Jurisdiction to Enforce Protective Order

After the termination of this action, the Court will continue to have jurisdiction to enforce this Order.

### 15. Modification of Protective Order

This Order is without prejudice to the right of any person or entity to seek a modification of this Order at any time either through stipulation or Order of the Court.

### 16. Confidentiality of Party's Own Documents

Nothing herein shall affect the right of the Designating Party to disclose to its officers, directors, employees, attorneys, consultants or experts, or to any other person, its own information. Such disclosure shall not waive the protections of this Protective Order and shall not entitle other parties or their attorneys to disclose such information in violation of it, unless by such disclosure of the Designating Party the information becomes public knowledge. Similarly, the Protective Order shall not preclude a party from showing its own information, including its own information that is filed under seal by a party, to its officers, directors, employees, attorneys, consultants or experts, or to any other person.

### 17. Compulsory Disclosure to Third Parties

If any receiving party is subpoenaed in another action or proceeding or served with a document or testimony demand or a court order, and such subpoena or demand or court order seeks Confidential Information, including Confidential Health Information of a producing party, the receiving party shall give prompt written notice to counsel for the producing party to allow the producing party an opportunity to oppose such subpoena or demand or court order prior to the deadline for complying with the subpoena or demand or court order. The notice shall identify the Confidential Information sought, the date set for the production of such subpoenaed information and, unless prohibited by applicable law, a copy of the subpoena or other compulsory process so that the Designating Party may

take such action as it deems fit to control dissemination of the Confidential Information. If an application for a protective order is made promptly and before the date for production, the party shall not produce such Confidential Information prior to receiving the court order or the consent of the Designating Party.

In the event that Confidential Information is produced to a non-party to this Order, the producing party shall provide the non-party with a copy of this Order, prior to producing the Confidential Information, and require that the non-party sign the form attached at Appendix A, acknowledging his or her agreement to be bound by the terms of this Order; and that material shall still be treated as Confidential Information by the parties to this Order. No compulsory disclosure to third parties of information or material exchanged under this Order shall be deemed a waiver of any claim of confidentiality, except as expressly found by a court or judicial authority of competent jurisdiction.

**18. Binding Effect**

This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

**IT IS SO ORDERED.**

DATED: 4/10/19              /s/ Suzanne H. Segal
                            HON. SUZANNE H. SEGAL
                            United States Magistrate Judge

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN STANTON, M.D.; RYAN STANTON, M.D., INC.; MODERN INSTITUTE OF SURGERY, INC.; MICHAEL CHURUKIAN, M.D.; CAMDEN SURGERY CENTER; SHAHROKA DAYYANI, O.D, <br><br>Plaintiffs, <br><br>vs. <br><br>AETNA LIFE & CASUALTY (BERMUDA) LTD., and DOES 1 through 20, Inclusive <br><br>Defendants. | CASE NO. 2:18-cv-08937-CJC (SSx) <br>*Judge: Hon. Cormac J. Carney* <br>*Related to: 2:18-cv-08345-CJC (SSx)* <br><br>**APPENDIX A – PROTECTIVE ORDER UNDERTAKING** |

I, _____, declare that:

1. My address is _____. My current employer is _____. My current occupation is _____.

2. I have received a copy of the Qualified Protective Order in this action. I have carefully read and understand the provisions of the Qualified Protective Order.

3. I will comply with all of the provisions of the Qualified Protective Order and agree to be bound by the Qualified Protective Order. I will hold in

confidence, will not disclose to anyone not qualified under the Qualified Protective Order, and will use only for purposes of this action any Confidential Information or information designated as "Confidential" that is disclosed to me.

4. Promptly upon termination of the relevant action, I will either return in full to the outside counsel for the party by whom I am employed or completely destroy all documents and things designated as "Confidential" that came into my possession, and all documents and things that I have prepared relating thereto.

5. I understand that the obligations of this undertaking and the provisions of the Qualified Protective Order continue past the termination of the action.

6. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Qualified Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071